# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **QUANESHA CUMMINGS,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 4:23-CV-00043-CDL-MSH |
| **Sheriff GREG COUNTRYMAN,** | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER

*Pro se* Petitioner Quanesha Cummings, an inmate most recently incarcerated at the Muscogee County Jail in Columbus, Georgia, filed the above-captioned application for federal habeas corpus relief under 28 U.S.C. § 2241, seeking to challenge her pre-trial detention (ECF No. 1). On March 21, 2023, Petitioner was ordered to sign a copy of her Petition and return it to the Court along with the required filing fee or a proper and complete motion for leave to proceed *in forma pauperis* in this action. Petitioner was also instructed to notify the Court in writing of any change in her mailing address. Petitioner was given fourteen (14) days to comply, and she was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of her Petition. *See generally* Order, Mar. 21, 2023, ECF No. 3.

The time for compliance passed without a response from Petitioner. Petitioner was therefore ordered to respond and show cause why her lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was given fourteen (14) days to respond, and she was again warned that the failure to fully and timely comply

could result in the dismissal of this case. Petitioner was also reminded of her obligation to inform the Court of any change in her mailing address. *See generally* Order, Apr. 13, 2023, ECF No. 4.

The time for compliance has again expired without a response from Petitioner, presumably because the Court's order was returned to the Clerk as undeliverable with a notation indicating Petitioner is no longer housed in the jail (ECF No. 5). Petitioner has not updated her mailing address with the Clerk of Court, and a search of the Georgia Department of Corrections online offender query system also fails to reveal Petitioner's current whereabouts. https://gdc.ga.gov/GDC/Offender/Query (searched "Cummins, Quanesha") (last accessed May 8, 2023).

As Petitioner was previously advised, the failure to follow the Court's orders and instructions is cause for dismissal of this case. Petitioner's failure to keep the Court apprised of her current mailing address is also a failure to prosecute that warrants dismissal of this action. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute her claims, her Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before she may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was

properly dismissed for failure to comply with court order).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 478.  Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong.  *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders).  Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

      **IT IS SO ORDERED**, this **8th** day of **May, 2023**.


      S/Clay D. Land  
      CLAY D. LAND  
      U.S. DISTRICT COURT JUDGE  
      MIDDLE DISTRICT OF GEORGIA